# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** KINGS

-----------------------------------------------------------------x

JOEL FISHER

Plaintiff/Petitioner,

- against -                                          Index No.500865/2022

LVNV FUNDING, LLC and
FINANCIAL RECOVERY SERVICES, INC.

Defendant/Respondent.

-----------------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
**(Consensual Case)**
(Uniform Rule § 202.5-b)

### You have received this Notice because:

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **<u>If</u> you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

### To register for e-filing or for more information about how e-filing works:

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

| | |
|---|---|
| JOEL FISHER,<br><br>       *Plaintiff,*<br><br>       v.<br><br>LVNV FUNDING, LLC and<br>FINANCIAL RECOVERY SERVICES, INC.,<br><br>       *Defendants*. | Index No.:<br>Date Purchased:<br><br>**SUMMONS**<br><br>**Basis of Venue:**<br><br>**CPLR §509:** Venue designated by Plaintiff.<br><br>**CPLR §503(a):** Plaintiff's principal place of business and residence |

**TO THE ABOVE-NAMED DEFENDANT(S):**

     **YOU ARE HEREBY SUMMONED**, to answer the complaint in this action and to serve a copy of your answer, or, if the compliant is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Garden City, New York
      January 5, 2022

                                 Yours, etc.,

**TO:**   **LVNV FUNDING, LLC**
       500 Summit Lake Drive
       Valhalla, NY 10595

       **FINANCIAL RECOVERY**
       **SERVICES, INC.**
       4510 W 77th Street, Suite 200
       Edina, MN 55435

**SANDERS LAW GROUP**

By:   *Kara S. McCabe*
Kara S. McCabe, Esq.
Jonathan M. Cader, Esq.
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600 Ext. 3233
Email: kmccabe@sanderslaw.group
File No.: 122475
*Attorneys for Plaintiff*

1

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

JOEL FISHER,

*Plaintiff,*

v.

LVNV FUNDING, LLC and
FINANCIAL RECOVERY SERVICES, INC.,

*Defendants.*

Index No:

**COMPLAINT**

JOEL FISHER, ("*Plaintiff*"), by and through the undersigned counsel, complains states and alleges as against LVNV FUNDING, LLC and FINANCIAL RECOVERY SERVICES, INC., (collectively "*Defendants*"), as follows:

## INTRODUCTION

1.     This is an action for damages brought by an individual consumer for Defendant's violations the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices action.

## PARTIES

2.     Plaintiff Joel Fisher is an adult who is a citizen of the State of New York residing in Kings County, New York.

3.     Upon information and belief, Defendant LVNV FUNDING, LLC, is a Delaware Limited Liability Company with a principal place of business in Las Vegas, Nevada.

4.     Upon information and belief, Defendant FINANCIAL RECOVERY SERVICES, INC., is a Minnesota Corporation with a principal place of business in Hennepin County, Minnesota.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction pursuant to CPLR §§ 301 and 302, in that Defendant LVNV FUNDING, LLC, and Defendant FINANCIAL RECOVERY SERVICES, INC. conduct business in the State of New York, and has purposely availed themselves of the privilege of conducting business in the State of New York.

6.  Venue is appropriate in Kings County pursuant to Section 503(a) of the New York Civil Practice Law and Rules since Plaintiff resides within such County.

7.  At all relevant times, Defendants conducted business within the State of New York.

## THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

8.  Congress enacted the FDCPA in 1977 upon finding "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," and that debt collection abuse by third party debt collectors was a "widespread and serious national problem." *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

9.  After determining that the existing consumer protection laws were inadequate (15 U.S.C. §§ 1692(b) (c)), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

10.  The purpose of the FDCPA is to protect individuals from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors when attempting to collect consumer debts owed to others. *Kropelnicki v. Siegel,* 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.,* 74 F.3d 30, 34 (2d Cir. 1996).

11.  Under the FDCPA, debt collectors are prohibited from engaging in deceptive practices. *Llewellyn v. Asset Acceptance, LLC,* 669 Fed. App'x 66, 67 (2d Cir. 2016).

12.  The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.,* 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau,* 6 F.3d 60, 63 (2d Cir. 1993).

13.  If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.,* 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to [his or] her rights." *Clomon v. Jackson,* 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson,* 516 F.3d at 90.

14.  A single violation of the FDCPA to establish civil liability against the debt

collector. *DeSantis*, 269 F.3d 159 at 161.

## FACTUAL ALLEGATIONS

15.    Plaintiff is a natural person allegedly obligated to pay a debt.

16.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

17.    Defendant FINANCIAL RECOVERY SERVICES, INC. (hereinafter "FRS") regularly collects or attempts to collect debts asserted to be owed to others.

18.    Defendant FRS is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

19.    The principal purpose of Defendant, FRS' business is the collection of such debts.

20.    Defendant FRS uses the mails in its debt collection business.

21.    Defendant FRS is a "debt collector" as defined by 15 U.S.C. § 1692a (6).

22.    Defendant LVNV FUNDING, LLC, (hereinafter "LVNV") is in the business of purchasing consumer debts owed to others which are in default and collecting on same.

23.    The principal purpose of Defendant LVNV's business is the collection of such debts.

24.    Defendant LVNV is not the original creditor of any loan to Plaintiff.

25.    Defendant LVNV uses the mails in its debt collection business.

26.    Defendant LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

27.    Defendant LVNV is liable for its own actions, as well as those of its agent, FRS.

28.    Defendants allege that Plaintiff owes a debt (the "alleged Debt").

29.    Upon information and belief, based upon the representation contained in the collection letter more fully described *infra,* the original creditor for the putative debt at issue is "Credit One Bank, N.A."

30.    The alleged Debt, to the extent it exists, is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services were primarily for personal, family, or household purposes.

31.    The alleged Debt does not arise from any business enterprise of Plaintiff.

32.    The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

33.    At an exact time known only to Defendants, the alleged Debt is alleged to have

4

been assigned, purchased or otherwise transferred to Defendant LVNV.

34.     The alleged Debt was assigned, purchased or otherwise transferred to Defendant LVNV for the sole purpose of allowing LVNV to attempt to collect same.

35.     At the time the alleged Debt was purportedly assigned, purchased or otherwise transferred to Defendant LVNV for collection, the alleged Debt was in default.

36.     At an exact time known only to Defendants, Defendant LVNV hired Defendant FRS to attempt to collect the alleged Debt.

37.     At the time the alleged Debt was assigned or otherwise transferred to Defendant FRS for collection, the alleged Debt was in default.

38.     In its efforts to collect the alleged Debt, Defendant, FRS contacted Plaintiff in writing, including by letter dated January 12, 2021 (the "Letter"). (A true and accurate copy of the Letter is annexed hereto as "*Exhibit 1*").

39.     The Letter conveyed information regarding the alleged Debt.

40.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

41.     The Letter was received and read by Plaintiff.

42.     Plaintiff has been reasonably misled by Defendant FRS's actions.

43.     The Letter identifies LVNV as the "current creditor."

44.     Plaintiff never entered into any transaction with LVNV.

45.     LVNV never offered to extend any credit to Plaintiff.

46.     LVNV did not extend any credit to Plaintiff at any time.

47.     LVNV is a stranger to Plaintiff.

48.     Upon information and belief, LVNV holds no legally cognizable right, title or interest in any debt allegedly owed by Plaintiff to Credit One Bank, N.A.

49.     Plaintiff is not indebted to LVNV in any manner.

50.     Prior to commencing this action, Plaintiff sought validation of the alleged Debt as it specifically pertained to the Chain of Title.

51.     Prior to commencing this action, Plaintiff sought validation of the alleged Debt as it specifically pertained to the purported ownership of the debt.

52.     In response, Defendant FRS failed to provide information sufficient to establish LVNV's putative ownership of the alleged Debt.

53.     In response, Defendant LVNV failed to provide information sufficient to establish its putative ownership of the alleged Debt.

54.     Upon information and belief, LVNV hired Defendant FRS at all relevant times hereto. As such, LVNV is liable for its own actions, as well as being vicariously responsible for the conduct and actions of FRS described herein.

55.     Upon information and belief, Defendant FRS, by sending the Letter, was attempting to take action that it legally could not take in connection with an attempt to collect a debt.

56.     That as a result, the Letter falsely represented the legal status and character of the alleged Debt.

57.     That as a result, the Letter was materially deceptive as to the validity of the alleged Debt.

58.     Upon information and belief, Plaintiff can prove that all actions taken by Defendant, FRS as described in this Complaint were taken willfully, with either the desire to harm Plaintiff with knowledge that its actions would very likely harm Plaintiff, and/or with knowledge that its actions were taken in violation of the law.

## **FIRST COUNT**

59.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

60.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

61.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

62.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

63.     Defendants allege that Plaintiff owed $585.33 (the "Claimed Amount").

64.     Plaintiff did not owe the Claimed Amount.

65.     In fact, Plaintiff did not owe any money at all to the entity on whose behalf Defendant FRS was seeking to collect.

66.     Defendant FRS's statement of the amount of the alleged Debt, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, violates 15 U.S.C. § 1692e.

6

67.     Defendant FRS's allegation that Plaintiff owed the Claimed Amount is a false representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

68.     Defendant FRS's allegation that Plaintiff owed the Claimed Amount is a deceptive representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

69.     Defendant FRS's allegation that Plaintiff owed the Claimed Amount is a false representation of the character of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

70.     Defendant FRS's allegation that Plaintiff owed the Claimed Amount is a false representation of the amount of the alleged Debt and the legal status of the Debt in violation of 15 U.S.C. § 1692e(2)(A).

71.     Defendant FRS' allegation that Plaintiff owed the Claimed Amount is a false representation and deceptive means made in connection with an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

72.     Defendant LVNV's representation that Plaintiff owed the Claimed Amount is a false representation and deceptive means made in connection with an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

73.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false, deceptive and misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

74.     Defendants' allegation that Plaintiff owed the Claimed Amount, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant FRS was seeking to collect, is a false, deceptive, and misleading representation made by Defendant FRS in connection with Defendant FRS' attempt to collect the alleged Debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

75.     For the foregoing reasons, FRS violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

76.     Insofar as LVNV hired FRS for the purpose of attempting to collect the alleged Debt, LVNV is responsible for the actions of its agent, FRS, and is liable to Plaintiff therefor.

## SECOND COUNT

77.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

7

78.    A statement of "the name of the creditor to whom the debt is owed," when the consumer does not any money at all to the stated entity, violates 15 U.S.C. § 1692e.

79.    The Letter claims the creditor to whom the alleged Debt is owed is LVNV FUNDING, LLC (the "Putative Creditor").

80.    Plaintiff did not owe the alleged Debt to the Putative Creditor.

81.    The Putative Creditor never offered to extend credit to Plaintiff.

82.    The Putative Creditor never extended credit to Plaintiff.

83.    Plaintiff was never involved in any transaction with the Putative Creditor

84.    Plaintiff never entered into any contract with the Putative Creditor

85.    Plaintiff never did any business with the Putative Creditor.

86.    Plaintiff was never indebted to the Putative Creditor

87.    The Putative Creditor is a stranger to Plaintiff.

88.    Upon information and belief, LVNV FUNDING, LLC holds no legally cognizable right, title or interest in any debt allegedly owed by Plaintiff to Credit One Bank, N.A.

89.    Defendant FRS' statement that the Putative Creditor is "the name of the creditor to whom the debt is owed," when the Putative Creditor is not the creditor to whom the alleged Debt is owed, violates 15 U.S.C. § 1692e.

90.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

91.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

92.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

93.    An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false, deceptive, and misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

94.    Defendant FRS' allegation that Plaintiff owed a debt to the Putative Creditor, when Plaintiff did not owe a debt to the Putative Creditor, is a false, deceptive and misleading representation made by Defendant in connection with Defendant FRS' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

8

95.     For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## THIRD COUNT

96.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

97.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

98.     §1692e(8) prohibits communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

99.     §1692e(12) prohibits the false representation or implication that accounts have been turned over to innocent purchasers for value.

100.    Defendant LVNV violated §§ 1692e(8), 1692e(12) and 1692e(2)(A) by reporting the alleged Debt to Consumer Credit Reporting Agencies, including but not limited to Experian, when it had no legal right to do so.

101.    Defendant LVNV made a false representation as to the identity of the entity and legal owner of the alleged Debt.

102.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

103.    Defendant LVNV violated § 1692e(10) by its false representation made in connection with an attempt to collect a debt.

104.    For the foregoing reasons, Defendant LVNV violated 15 U.S.C. §§ 1692e, §1692e(8), 1692e(12), 1692e(10) and 1692e(2)(A) and is liable to Plaintiff therefor.

## JURY DEMAND

105.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a.   Finding Defendants' actions violate the FDCPA; and

b.   Awarding Plaintiff statutory damages in the amount of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c.   Awarding Plaintiff's the costs of this action and reasonable attorneys' fees as

9

provided under 15 U.S.C. § 1692k(a)(3); and

d. Awarding Plaintiff such other and further relief that the Court determines is just and proper.

DATED: January 5, 2022

**SANDERS LAW GROUP**
*Attorneys for Plaintiff*

By: _Kara S. McCabe_
Kara S. McCabe, Esq.
Jonathan M. Cader, Esq.
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600 Ext. 3233
Email: kmccabe@sanderslaw.group
File No.: 122475

10

DEPT 813    1737637321014
PO BOX 4115
CONCORD CA 94524

P.O. Box 385908
Minneapolis, MN 55438-5908
1-844-319-2418

||||||||||||||||||||||||||||||||||||||

CURRENT CREDITOR: LVNV FUNDING LLC
ORIGINAL CREDITOR: CREDIT ONE BANK, N.A.
ACCOUNT NUMBER: XXXXXXXXXXXX7323
DATE OF LAST PAYMENT: 12/11/2017
CHARGE-OFF DATE: 06/06/2018
DATE FIRST DELINQUENT: 12/05/2017

RETURN SERVICE REQUESTED

January 12, 2021

||||||||||||||||||||||||||||||||||||||

JOEL FISHER
4911 18TH AVE
BROOKLYN NY 11204-1226

**BALANCE ITEMIZATION**
INTEREST BALANCE: $0.00
COST BALANCE: $0.00
FEE BALANCE: $0.00
TOTAL BALANCE DUE: $585.33
FRS FILE NUMBER: WRY777
ON-LINE PIN NUMBER: 25448240
(Used to access and view your file on WWW.FIN-REC.COM)

******Resolution Reduction Offer******

If you pay $585.33, the above-referenced account will be considered paid in full. However, we are authorized to resolve the above listed account(s) at a substantial reduction to you!!!!!!!!

To make this easier for you to resolve, we are authorized to resolve the account(s) listed above for $321.93. When you have satisfied this agreement, the account(s) will be considered resolved in full for less than the full balance. FRS is not a law firm and FRS will not initiate any legal proceedings or provide you with legal advice. The offer in this letter is merely an offer to resolve your account for less than the balance due.

We request that you respond to our offer within 30 days. We are not obligated to renew this offer. If you need additional time to respond to this offer or if you are unable to take advantage of this offer, please call our office — we are willing to listen to any reasonable offers you may wish to make. Depending on your situation, payments may still be an option for you.

To make a payment, please call us at the toll-free numbers listed below or utilize our on-line web payment solution at www.fin-rec.com using the on-line PIN number and FRS file number referenced above.

If you are sending your payment by overnight delivery please use the following address: 4510 W. 77th St., Suite 200, Edina, MN 55435

Sincerely,
WADE DAVIS
Account Manager
Toll Free: 1-844-319-2418

This is an attempt to collect a debt, any information obtained will be used for that purpose.
This communication is from a debt collector.

**See reverse side for important information.**
Office hours are: Monday-Thursday, 7am to 8pm CT; Friday 7am to 5pm CT; Saturday 7am to noon CT.

*Detach Coupon And Mail Payment*

| 1 OF 3 | 2 OF 3 | 3 OF 3 |
|---|---|---|
| FRS File #: WRY777 | FRS File #: WRY777 | FRS File #: WRY777 |
| |||||||||||||| | |||||||||||||| | |||||||||||||| |
| 1-844-319-2418 | 1-844-319-2418 | 1-844-319-2418 |
| Balance due as of January 12, 2021: $585.33 | Balance due as of January 12, 2021: $585.33 | Balance due as of January 12, 2021: $585.33 |
| Amount enclosed:_____ | Amount enclosed:_____ | Amount enclosed:_____ |
| Home phone:_____ | Home phone:_____ | Home phone:_____ |
| Work phone:_____ | Work phone:_____ | Work phone:_____ |
| Cell phone:_____ | Cell phone:_____ | Cell phone:_____ |
| Financial Recovery Services, Inc. | Financial Recovery Services, Inc. | Financial Recovery Services, Inc. |
| P.O. Box 385908 | P.O. Box 385908 | P.O. Box 385908 |
| Minneapolis, MN 55438-5908 | Minneapolis, MN 55438-5908 | Minneapolis, MN 55438-5908 |
| Letter Code Sent: 043 | Letter Code Sent: 043 | Letter Code Sent: 043 |